UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

IN RE:

MANUEL J. FRADE

                                                                                                   No. 17-10383-AJC
                                                                                                    Chapter 11

       Debtor.
_____/

**RESPONSE TO DEBTOR'S MOTION FOR CLARIFICATION OF ORDER**

      The OFFICE OF THE ATTORNEY GENERAL, STATE OF FLORIDA, DEPARTMENT OF LEGAL AFFAIRS ("Attorney General"), a creditor of Debtor MANUEL J. FRADE ("Debtor"), requests the Court to deny Debtor's Motion for Clarification of Order [ECF 38], or in the alternative, to confirm that the Court's Order Granting Partial Relief from Automatic Stay [ECF 26] on its face allows the Attorney General to pursue all remedies available to it under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Chapter 501, Part II, Florida Statutes, including the temporary injunctive remedy of an asset freeze. In support, the Attorney General states as follows:

      1.    The Attorney General filed an Emergency Motion to Dismiss Bankruptcy Petition and for Prospective Relief [ECF 9] ("Motion to Dismiss"), alleging as grounds to dismiss that Debtor was facially precluded from being a debtor under Chapter 13 as his debt loads exceed the limits set out in section 109(e) of the Bankruptcy Code.

2.     The Attorney General additionally alleged that Debtor's petition should be dismissed based on Debtor's bad faith in filing, as demonstrated by Debtor's false denial of having used business names and EINs, Debtor's listing of a UPS Store address and incorrect assertion of having resided in the Southern District of Florida over most of the 180 days prior to the petition date, Debtor's erroneous listing of debts owed to the Attorney General as consumer debts, the timing of Debtor's filing, and Debtor's history of filing Chapter 13 bankruptcy petitions and making no effort to see the bankruptcies through.[1]

3.     While the Court denied the Attorney General's request that Debtor's bankruptcy proceeding be dismissed entirely, the Court properly granted the Attorney General broad relief from the automatic stay, with the exception of execution on property of the estate. See Tr. 11:11-14, stating that the Attorney General would be allowed "to pursue all of its activity in the Circuit Court, with the exception of execution on any filed judgment;" Tr. 13:2-4 "you're being given authority to go ahead and do everything there, except to seize property which is property of the estate;" Tr. 13:14-15 "you're free to do anything in the State Court, up to execution on property of the estate." Excerpts are attached as **Exhibit 1.**

---

[1] Orders dismissing Debtor's previous Chapter 13 petitions with prejudice for failing to appear at the 341 meeting of creditors and for failing to make pre-confirmation plan payments were entered in case no. 15-24570-AJC [ECF 30] and case no. 14-33035-AJC [ECF 49].

4.      The Court's Order Granting Partial Relief from Automatic Stay [ECF 26] did remove language from the Attorney General's proposed order clarifying that permitted injunctive relief would "include the freezing of Debtor's assets and those acting in concert with him." The Order also removed language that clarified that the Attorney General could "initiat[e] third-party actions to include" proceedings supplementary. However, injunctive relief and proceedings supplementary remain specifically authorized by the Order; the only restriction on the stay relief provides that "the Attorney General shall not execute on property of the bankruptcy estate without further leave of this Court."

5.      The limited nature of a temporary injunction in the form of an asset freeze under section 501.207(3), Fla. Stat. demonstrates why this remedy is available to the Attorney General under a plain reading of the Order. Simply stated, an asset freeze under section 501.207(3), Fla. Stat., is merely an injunction that prohibits the enjoined party from transferring or disposing of assets without further court approval. It is not the seizure of property; custody over property does not change with the entry of an asset freeze order.[2]

6.      Similarly, an asset freeze is not execution; it does not transfer title to property. It merely provides the temporary injunctive relief of preserving the status

---

[2] This can be contrasted with other relief normally available to the Attorney General in FDUTPA actions under section 501.207(3), Fla. Stat., such as the appointment of a receiver, which may entail actual seizure of assets.

quo until legal and factual disputes can be sorted out. *See Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257 (11th Cir. 2001) (stating that the "chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.") That is precisely the goal of the Attorney General, which in turn can only be fairly pursued once Debtor provides complete post-judgment discovery responses as he has been ordered to.

7. In this case, Debtor's extensive concealment of assets in the state court proceedings, as alleged in the pending contempt motion in that case, highlights the need for temporary injunctive relief. Debtor has concealed numerous assets, interests in business, and asset transfers from the Attorney General, including a lease with option to purchase on his current residence in Chuluota, in Seminole County, Florida, where he has been residing since July of 2016.

8. A purchase of homestead property such as the potential purchase concealed here by Debtor, even if not made by Debtor but a third party with funds received from Debtor, may critically harm the Attorney General's ability to enforce its judgment and secure reimbursements for consumers harmed by Debtor's deceptive business practices. *See In re Champalanne*, 425 B.R. 707, 711 (Bankr. S.D. Fla. 2010) (noting that a "debtor's use of nonexempt funds to purchase a homestead with actual intent to hinder, delay, or defraud creditors" does

4

not render the homestead exemption inapplicable), *citing Havoco of America, Ltd. V. Hill*, 790 So.2d 1018 (Fla. 2001).

9. Further, as the *Champalanne* court noted, while §§ 522(o) and (p) of the Code may permit a trustee or creditor to object *in bankruptcy* to any exemption claimed as a result of fraudulent transfers made by a Debtor into a homestead, that remedy does not extend to any non-Debtor's spouse's interest in a homestead, *In re Champalanne*, 425 B.R. at 711. That remedy in any event would obviously not be available to the Attorney General outside of bankruptcy.

10. Finally, according to Debtor's various schedules [ECF 1 at page 6; ECF 35], it appears that the Attorney General holds almost all of Debtor's debt.[3] There should be no concern that broad relief from the stay might unfairly prejudice other creditors of Debtor in what is effectively a two-party dispute, and especially in light of the restriction on the Attorney General's ability to execute on property of the estate.

WHEREFORE, the Attorney General respectfully requests this Court to deny Debtor's motion for clarification, or in the alternative to confirm that the Court's Order Granting Partial Relief from Automatic Stay allows the Attorney

---

[3] While Debtor lists the debt owed to the Attorney General as $450,000 [ECF 35], the final judgment against Debtor provides for the imposition of an additional $500,000 in civil penalties should any non-restitution provisions of the judgment be violated, which the Attorney General contends is the case. The Attorney General's debt would therefore comprise 95% of the total listed by Debtor.

General to pursue all remedies available to it under FDUTPA, including the injunctive remedy of an asset freeze.

Respectfully submitted on February 21, 2017,

By: /s/ Jacek Stramski
JACEK STRAMSKI
Assistant Attorney General
Florida Bar No.: 0087965
Office of the Attorney General
Consumer Protection Division
Department of Legal Affairs
PL-01, The Capitol
Tallahassee, Florida 32399-1050
Phone: (850) 414-3300
Fax: (850) 488-4483
jacek.stramski@myfloridalegal.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of this Emergency Motion to Dismiss Bankruptcy Petition and for Prospective Relief was served this February 21, 2017, via CM/ECF to Michael A. Frank, Esq., *Counsel for Debtor* and to other parties registered to receive electronic service, and via U.S. Mail to Manuel J. Frade, *Debtor*, at 1550 Stillwater Dr., Miami Beach, FL 33141.

/s/ Jacek Stramski
Jacek Stramski